### HILL et al v. LADY OF THE LAKE GARDENS CO. (No. 2134.)

Court of Civil Appeals of Texas. El Paso.
March 8, 1928.

1. Injunction ⟨Key⟩172—General rule that injunction will be dissolved on coming in of answer is not absolute, but depends on circumstances and is discretionary.

General rule that injunction will be dissolved on coming in of answer is not absolute, but depends largely on nature and circumstances of case, and is to be applied subject to discretion.

2. Waters and water courses ⟨Key⟩247(2)—Vacating temporary injunction restraining defendant from shutting off water from plaintiff's land until plaintiff paid water charges held discretionary.

Trial court did not abuse discretion in vacating temporary injunction restraining defendants from shutting off water which plaintiffs alleged defendant was to furnish to purchasers of land for domestic and irrigation purposes, in view of defendant's answer that it had shut off water from land until such times as plaintiffs should pay water charges.

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

---

⟨Key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action by J. K. Hill and others against the Lady of the Lake Gardens Company. From an order vacating a temporary injunction theretofore granted, plaintiffs appeal. Affirmed.

Fellbaum & Fellbaum, of San Antonio, for appellants.

Ball & Seeligson, of San Antonio, for appellee.

WALTHALL, J. This appeal is prosecuted from an order and judgment of the Forty-Fifth judicial district court of Bexar county, Tex., vacating, annulling, and setting aside a temporary injunction theretofore granted by the court, the hearing having been had upon verified bill and answer and motion to dissolve, appellee's answer and motion to dissolve being accompanied by and having attached thereto original written contracts, or copies thereof verified as being such, which written contracts upon their face and per their terms refuted and contradicted the facts set up in appellant's petition, so far as the contractual relations between the parties existed, and appellee's answer fully answering and denying all of the equities in appellant's bill.

The trial court, after hearing the petition and answer, as recited in the order dissolving the injunction, and being of the opinion, in consideration of the whole record, no testimony admissible, and the court being further of the opinion that the fraud or fraudulent representations attempted to be set up by appellants in their petition would not be or afford a basis for injunctive remedy, and the court being further of the opinion that the writ of injunction theretofore granted should be set aside, entered an order vacating and setting aside the temporary injunction theretofore granted, to which order appellants excepted and from which they prosecute this appeal.

Opinion.

[1] Neither party has briefed the case. The general rule that an injunction will be dissolved on the coming in of the answer is not absolute, but depends in a large measure upon the nature and circumstances of the case and is to be applied subject to the sound discretion of the court. 32 C. J. 415, and note 97.

[2] A careful reading of the petition and answer and the exhibits made a part of the answer convince us that the equities of the petition are fully met and negatived by the answer and exhibits, and that there was no abuse of discretion on the part of the trial court in dissolving the temporary injunction.

The cause of action, briefly stated, grows out of the following: Appellee was the owner of a certain tract of land known as "the Lady of the Lake Gardens," or "City View Gardens," situated near the city of San Antonio, Texas. Appellee had subdivided said tract of land into 1-acre tracts and installed a water system to furnish to purchasers of said acre tracts water for domestic and irrigation purposes. Appellants were purchasers from appellee of some of the acre tracts, under certain contracts found in the record, and the contention made by appellants is, in effect, that appellants should have the water under appellee's water system distributed to them, severally, and without charge for same, under certain alleged terms, conditions, and representations in the purchase of said tracts.

Appellee denying its duty and obligation to furnish water to said purchasers free of charge, and the appellants refusing to pay said water charges, appellee had shut off the water from appellants' tracts of land until such times as appellants should pay said water charges. The trial court primarily granted a temporary mandatory writ of injunction, and, on the answer coming in and motion to dissolve, the court sustained the motion and dissolved the temporary injunction.

The action of the court in dissolving and refusing the temporary injunction is affirmed.